## S. Merkiewicz, Defendant in Error, v. The Standard Brewery, Plaintiff in Error.

## Gen. No. 16,264.

1. EMPLOYER AND EMPLOYE—*when discharge not justified.* If the conduct of the employe for which the discharge was made was sanctioned by custom so general as to enter into the contract of hiring, the discharge is wrongful.

2. VERDICTS—*when not set aside as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912.

CASTLE, WILLIAMS, LONG & CASTLE, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

S. Merkiewicz, hereinafter called the plaintiff, was employed by the Standard Brewery, hereinafter called the defendant, as a teamster, his wages being $60 a

month. He was discharged on the 7th day of September, 1909, and paid his wages for the number of days in September he had worked. He brought suit for wages for the remainder of the month, claiming that his discharge was without cause, and obtained a judgment therefor, which we are asked to reverse.

No reason was given plaintiff for his discharge. He testifies that he had been paid by the month theretofore, and that no complaint had ever been made to him that his work was not satisfactory. He told defendant when he was discharged, and subsequent thereto, that he was ready and willing to continue working for the defendant, but was not permitted to work after the time of his discharge.

The defendant claims in the argument that the discharge was justified because on Labor Day, which was the first Monday of September, the plaintiff had used the team and wagon of the defendant without permission, in moving household goods of his brother-in-law. Apparently, however, the reason urged at the trial was that no deliveries of goods were made to defendant's customers on the day before Labor Day, which was Sunday, and on Labor Day, which was the following Monday, and this is not denied by the plaintiff. He says, in explanation of his non-deliveries on these two days, that he had taken out an extra large load on the preceding Saturday and had supplied his customers on Saturday with goods sufficient to last over Sunday and Monday. He also says that it was a general custom among the drivers, known and agreed to by the defendant, that if a driver could supply his customers the day before a holiday with sufficient goods, he would not be expected to work on such holiday. The question of whether or not this was the custom was the issue of fact at the trial, and there was a conflict in the evidence on this point. There was no evidence of any complaint by any customer of an insufficient supply of

goods on these two days.   It is evident that the occasion of plaintiff's discharge was not because he had used the team on Labor Day for a short time in other. work, but because the team had not been used on that day in making deliveries to customers.   The evidence and instructions of the court were on that theory.   It was therefore a fair question for the jury to determine the existence or otherwise of such a custom as was claimed.   The jury evidently believed that the evidence established the existence of such a custom, and this finding, in our opinion, was justified by the preponderance of the evidence.

It therefore follows as a matter of law, that the defendant could not discharge the plaintiff for following such a custom, without being liable for wages for the entire month.

The judgment is affirmed.

*Affirmed.*